UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRIS SMITH,

    Petitioner,

        v.                              CAUSE NO. 3:22-CV-216-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Chris Smith, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-5-60) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery against staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time.

Smith argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he spit on a counselor. He maintains that the surveillance video recording indicates that he spit toward the floor away from correctional staff.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a counselor represented that, during rounds, Smith spit on him twice, striking him in the face and chest. ECF 12-1. The administrative record includes a video recording summary indicating that Smith bobbed his head back and forth as if he were spitting as Counselor Marsh walked away from his cell. ECF 9-11. The court has reviewed the video recording and finds that it is consistent with the conduct report and the video recording summary. The conduct report and the video recording constitute some evidence that Smith spit on Counselor Marsh. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Smith also argues that he is entitled to habeas relief because the conduct report was not timely under departmental policy. Procedural due process does not require correctional staff to issue conduct reports within a particular amount of time in relation to the date of the offense. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Moreover, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had

2

"no bearing on his right to due process"). Therefore, the claim that Smith did not receive a timely conduct report is not a basis for habeas relief.

If Smith wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Christopher Smith leave to appeal in forma pauperis.

SO ORDERED on July 15, 2022

                                                     s/Michael G. Gotsch, Sr.
                                                     Michael G. Gotsch, Sr.
                                                     United States Magistrate Judge